## THE GEORGETOWN AND SILVER PLUME ROAD CO. *v.* HUTCHINSON.

The neglect of the board of county commissioners to keep a record of its action in prescribing rates of toll (R. S. 1868, p. 125, § 28) to be charged and collected, cannot prejudice the right of an incorporated company to charge and collect tolls.

### *Error to Probate Court of Clear Creek County.*

THE plaintiff in error, a corporation organized under the statute, brought an action before a justice of the peace against Hutchinson, the defendant in error, to recover a balance of one hundred and sixty-five dollars claimed to be due from Hutchinson for tolls upon its wagon road. The plaintiff had judgment and the defendant appealed to the probate court. At the trial in the probate court, E. L. Shepherd was called as a witness for the plaintiff, and the following proceedings were had as appears *inter alia* by the record:

"I knew the corporation plaintiff; knew also the corporation that existed prior to the plaintiff's organization, of the same name of plaintiff, except the word 'Wagon' was a part of the name; it was the Georgetown and Silver Plume Wagon Road Company; the plaintiff is the Georgetown and Silver Plume Road Company; this company purchased the same road now owned by and occupied by plaintiff; plaintiff's road was built by former company, which sold the road to plaintiff. I was one of the directors; one of the original incorporators, and secretary of the company. I was attorney for the new company, the plaintiff as secretary of the old company. I applied to the board of county commissioners by petition, asking them to establish the rates of toll from Georgetown to Silver Plume, over the company's road. I cannot state exactly when, but it was just about the time the road was finished, and soon after the articles of incorporation were filled.

*Question* — Did the county board establish rates of toll over this road?

Counsel for defendant objects. Counsel for plaintiff stated that they expected to show that the present plaintiff had its toll-rates established at the same rates as the old company. Objection sustained by the court. Counsel for the plaintiff then and there excepted.

Witness continued in answer to another question: After the old road ‧ had sold out to this company (the plaintiff), and after plaintiff's articles of incorporation had been filed with the secretary of the Territory and the county clerk (the same now shown me) as attorney for the plaintiff, I did apply to the county commissioners of Clear Creek county, to establish the rates of toll over the company's road from Georgetown to Silver Plume, and asked them to establish as rates, the same rates as were prescribed for the former company, but do not recollect what those rates were.

*Question* — Did the county commissioners establish rates of toll for this road (the plaintiff's) at the time you speak of?

Counsel for defendant objected, because there was or should be a record of the same. Counsel for plaintiff admitted that no record of the same could be found in the proper office after diligent search for the same. Objection sustained. Counsel for plaintiff then and there duly excepted to the ruling of the court.

*Question* — Did the board of county commissioners, at your request and application as secretary of the old company, establish rates of toll?

Counsel for the defendant objected. Plaintiff offered to show that the board so established the toll for the old company, after offering to show that the rates of toll prescribed for the old company were also prescribed for the plaintiff, and that the same rates were prescribed for each company; at the same time admitting that no record of the acts of the county commissioners in respect to the same could be found after sufficient and diligent search of the records in the proper office. Objection sustained. Counsel for plaintiff then and there excepted to the ruling of the court."

The defendant had judgment for costs.

Mr. W. S. ROCKWELL and Mr. W. T. HUGHES, for plaintiff in error.

Messrs. POST & COULTER, for defendant in error.

ELBERT, J.   The failure of the board of county commissioners to make and keep a record of its actions prescribing rates of toll to be " charged and collected " by the plaintiff, could not prejudice the right of the plaintiff to charge and collect its tolls.

The absence of such record being made to appear, the plaintiff should have been allowed to show that application was made, and that its rates of toll had been, in fact, prescribed by the board, in compliance with the provisions of the statute.

The judgment of the court below is reversed, and the cause remanded for further proceedings according to law:

*Reversed.*